Good morning, your honors. Jill Smith for the appellant, Ms. Hummel. This is a case involving a wrongful attempt to foreclose on my client's residential mortgage. This is her primary residence. What I'm curious about in this case is there is no foreclosure, right? That's correct. The notice has expired. There's no new notice. Right. What do you want? Well, there's extensive damages that were caused to Ms. Hummel throughout this entire process. Tell me what they were. She wants money damages. She wants injunctive relief. She wants... I know, but those are descriptions. Tell me how she was damaged. There was extensive damage to her credit. They declared her to be in default when she had consistently made her payments over many years to the tune of $311,000 every month on time. So you're contending in this case that she's not in default on the... Yes. It's unclear when... No, unclear is different. I don't find that any place in your allegations in this case. In other words, if this is simply a loan, that's a different case than... I read your complaint as saying, I don't have to pay on the loan because it's void, because it's been transferred. Are you saying that your client is current on the loan? She made her payments every month. Until? Until? It's not clear. She started challenging the loan because all of a sudden she started getting letters from people that she had no idea who they were. I understand your argument that she doesn't have to pay on the loan. I'm asking you a very different question. Are you contending that this record suggests that your client is current on the loan, and therefore the notice of default simply shouldn't have been issued at all? She stopped making payments at some point because, and the case law is very clear on this... No, just answer my question. Did she stop making payments at some point? She did stop making payments at some point. Okay. And you say I have an excuse for stopping payments. Yes. Okay. Yes. So let's be clear. The excuse was? Well, her contention is that when she started receiving correspondence and notices threatening foreclosure, threatening a short sale on her property, that she had never heard of who these people were before. But had she stopped paying on the loan? Not at that point. Not at that point. So your contention is she was current on the loan when she first got notices of foreclosure? Yes. Yes. The notice of default was issued by Northwest Trustee Services, who was not lawfully appointed under Washington state law. Well, you say that. Here's my problem. Under Washington state law, the trustee is entitled to proceed if somebody gives them a certificate that they're the Well, you know, we didn't get into discovery on that particular point. Well, it's not clear. It's recorded. It's recorded. But there's a problem with the appointment. No, but I'm raising a separate question. Okay. You say you were injured because a notice of foreclosure was issued. And it was issued by the trustee, was it not? Yes. And the trustee, under Washington law, and this record contains it, is absolved from any responsibility in issuing a notice of foreclosure if, in fact, somebody has given them a certificate that they're the holder of the note and therefore duly authorized to appoint them as the beneficiary. And U.S. Bank, in this case, did have that, did give that certificate to the trustee. None of that's contested because it's all in the record. Well, the district court opinion says it's not contested. Is it contested? If we'd been able to get the, let's just rewind just a bit. The record as it now exists. There is this document. But it's not signed by U.S. Bank. It's signed by SPS saying it's the agent for U.S. Bank, right? Right. And it's, you know, these declarations that they submit are consistently fraudulent. There's no fraud. What is fraudulent? Fraudulent or not compliant? I could sit at my typewriter and type something up and sign it. I know you could. I know you could. But you're making an allegation of fraud. I think you don't have any evidence to support fraud. What you may have evidence to support is that the chain of title, if you will, isn't fully compliant with Washington law. But do you have any evidence to suggest fraud? We didn't get to go through a complete discovery, but my client was precise. You have no evidence that this document isn't what it purports to be. So let's assume it is what it purports to be. We don't. We didn't get. Is it an adequate document? We're saying that it's not. Why? Because it's just a bare statement. It's not notarized. I mean, who knows who signed this thing? Does it have to be notarized under Washington law? My understanding is that if SPS had authority to do this, which means it had to be an agent for the holder of the deed of trust, which they say was U.S. Bank, but do we know whether it's U.S. Bank, then wouldn't it comply with the statute in California as to what you have to demonstrate? Washington. What? Washington. Washington. I'm sorry. Washington law in terms of what you have to demonstrate as to who the holder of the note is. Would it comply with the statute? We don't believe that it does, but the statute is very broad. It just simply says if there's a beneficiary declaration that the trustee has. Right. Okay. So it would comply with the statute. All right. So the next question. But it has to be the holder of the deed of trust who's doing this or somebody who is their agent. That's correct. And it has to be the holder of the deed of trust at the relevant point. That's our problem with this case is that we don't know who. MERS claims to be able to make the assignment. They weren't able to make the assignment because MERS doesn't hold the note or the deed. MERS didn't assign the note. MERS assigned its interest as the beneficiary of the deed of trust. You don't have to hold it. MERS made the assignment to the mortgage-backed security pool. Right. In its own name. In its own name. Not as a nominee for anybody. Okay. So let me ask a different question here, because I tried to ask you at the beginning. You want to pay off this mortgage? Yes. She wanted to pay off the mortgage. Do you want to pay it off now? Yes. Can we put you in mediation? I bet you they'll take your money. Well, now it's gone too far. I mean, you know, we believe that this is She had tried to pay this loan. I understand all that. Yes. Do you want to pay off the mortgage? She wants to be able to make monthly payments to the proper party who those payments are owed to. Well, my guess is if you want to pay it off, we can send you outside and you can settle this in five minutes. And you can go to the district court and get an order that says the person you're paying to is credited against the note. Do you really want to pay it off? Of course. But is it okay for them to violate the statutes? I'm not sure they have. That's not the question I'm asking. So one of the things you're complaining about is I don't know who to give the money to. That's one of them. Yes. I bet you we can solve that for you. I bet you. I bet you the district court can solve that for you. I bet you these two people can solve that. Oh, I'm sure they would be able to come up with some. Okay. So so let's assume back into discovery in the district court. I'm not talking about discovery or anything else. I'm just look, there's two possibilities in these cases. One is I don't want to pay, but I want to keep the house. The other possibility is I want to pay. Do you want to pay? Yes. And she wants to keep the house. So we put this in mediation. I bet you you guys can fix this. We're not here. This isn't mediation. We're here to litigate. That's what I'm not what I'm asking. I know you're here to litigate. You may have a bunch of claims that you're here to litigate that you're going to lose on is my concern. If you really want to buy pay off the loan, you may be better off in mediation than in litigation. But if you don't really want to pay off the loan, then then go ahead with your litigation arguments. Well, I mean, part of the problem is that she had attempted over and over to contact them. And they, you know, part of the law is that they have to respond to borrower's inquiries when there's a notice of default or or any kind of correspondence. But they've they've they've removed the foreclosure notice. Right. But she she attempted to correspond with them and communicate with them so that she could start getting back on track making the payments. And they completely rebuffed her. Is that one of your causes of action? So what choice does she have? Excuse me. Is there a statutory cause of action for noncompliance with the requirements in terms of modification communications? Yes. The Deed of Trust Act is very detailed and specific. Have you alleged that cause of action? We this was a pro se complaint that was raised. So when you came in, you could have filed an amended complaint. If we if we is the problem here that you need to amend the complaint and we have the wrong. We would like to amend the complaint to add a couple of other claims as well. Claims. Consumer Protection Act. Well, what about I mean, it sounds to me that if you have a legitimate problem, it's really the one thing you've said that seems to give rise to concerns is they're not responding as the statute requires them to respond. But that's not in the complaint. Well, she tried her best to allege it as she could. We were given an extremely short window of time to respond to summary judgment. And I mean, after I came on the case, they had already filed a motion. After you came on the case, did you ask to amend to add such a claim? We were given a we didn't amend the complaint. Would such a claim get any remedy that is useful to you? Sorry? Would such a claim under the Deed of Trust Act get any claim that's pertinent or helpful? Yes, there would be additional claims that we would bring in under Deed of Trust Act. But this is summary judgment. This came up on summary judgment. Yes. So you never said to the district court somewhere along the way, Your Honor, we'd like to amend. I know we're on summary judgment. We're not on a motion to dismiss anymore. But we have a bunch of other claims we might we might bring. We we were forced to just simply file our response. Well, you weren't given time. You weren't forced to do anything. You were certainly not forced to tell the I understand you came in late and this is you know, it was pro se. But there's what what forces you not to tell the judge I'd like to amend my complaint? Was there an order that said you may not amend your complaint? No, it was but it was I believe it was dismissed with prejudice. And so there was no need to amend. At summary judgment? Yes. This wasn't a motion to dismiss. Right. So that was you're correct. But we we didn't have enough time to even make any other arguments because. Did you say that to the district judge? I don't recall. We didn't file a motion to amend. I don't believe. Or a motion. On the existing complaint, because your time is running low. What is your best claim and why should you prevail on it? The strongest claim we have right now is that if you rewind back to 2011, when MERS made the assignment, MERS was not capable of making the assignment. You can't transfer something you don't own to somebody else. Well, from there, I want to go back to that claim. What MERS was the beneficiary on the deed of trust, correct? No. First, Franklin was. No. First, Franklin was the I've got the deed of trust here. Franklin is the lender. Right. Franklin is the lender and MERS is the is the beneficiary of the deed of trust. Is it not? It was the nominee for First Franklin. And a nominee is just bare status. It doesn't have any legal title or it doesn't carry the what is what is it? What does the deed of trust say? I believe it says that the lender. What when it says when it has MERS, what does it say? What does it say next to MERS's name? Is is. I mean, you say they're a mere nominee, I'm trying to figure out how they're characterized on the deed of trust and I'll look at it later. But go back to this under the Bain case. Yes. MERS can't be the beneficiary under the deed of trust if it didn't hold the promissory note. That's that's correct. All right. Did it ever hold the promissory note? Did anybody ever claim it held the promissory note? No. And just calling itself and why did you say that? Doesn't confer. I'm sorry. Well, I want to answer your question, though. But just simply calling itself a nominee does not confer any rights to do anything on behalf of the lender or the beneficiary. Hasn't the Washington courts already said that naming MERS on the deed of trust doesn't is OK? It's it may act as a nominee or an agent. Yes, they may. A lender may have an agent that doesn't give them special rights to do anything. But in the Washington courts also said that no one's required to show you the note in order to the statutes don't require that people show you the note. This is the beneficiary declaration issue. Yes. The trustee has to have the beneficiary declaration. They don't necessarily have to show you the note. But if the trustee doesn't even investigate to find out who's really holding the note, that's also a violation of the deed of trust act. All right. Your time is just up. So I have I'd like to reserve one minute. Thank you. Good morning, and may it please the court, Crystal Chase, on behalf of Appellee Select Portfolio Servicing or SPS and MERS with me at counsel table as counsel for Appellee Bank of America, Casey Curtis, and he and I will split our time for defendants. I wanted to first just address some of the court's record based questions. Yeah. And I've got the record in front of me. So tell me, is there any evidence in the record that the servicer SPS, I guess, or had was the agent of of how did you establish that in order to get summary judgment? Did you file an affidavit? What did you do? Sure. So SPS is the current servicer for the loan. And I didn't hear that. SPS is the current servicer for the loan. It started servicing as of December 1, 2012. That's at ER 33 is a letter to a borrower saying servicing is transferring from Bank of America to SPS. In addition. So there's evidence there's evidence of them being transferring servicing. The where is there evidence that they are the agent? That's what I was asking. So to two places. First, in the Declaration of Ownership, which is signed by a document control officer from SPS, she represents that she's duly authorized to make the declaration on behalf of the beneficiary, the trust. Is it a backup paper that demonstrates that? So before the foreclosure was commenced, a limited power of attorney was also recorded from the trust, giving SPS the authority to act as its attorney. And that's in the that's in the public record. That's what trust from the U.S. Bank or from whom? I can say the full name of the trust. It's U.S. Bank National Association. As the one piece of this whole sequence that I first of all, I write that for the document about the who holds the note to be valid, the we have to know that and assuming that SPS is the there's enough evidence that it's the agent of the U.S. Bank Trust. Let's call it U.S. Bank just because there are too many trusts around here. Then is where did U.S. Bank come from? That's the part of the of the record that I just don't see. I mean, all of a sudden, what what evidence is there that U.S. Bank was the holder of the deed of trust and how to get it? So the evidence in the record that U.S. Bank is the I'm sorry, what's the benefit of the note? What's the benefit of the holder of the note or the benefit of the note? I know the holder of the note. But that document about the holder of the note is only a valid document. If U.S. Bank was the beneficiary of the deed of trust. Right. So the identity of the beneficiary of the deed of trust follows the note. So the party who is the holder of a note that is endorsed in blank is also the beneficiary of the deed of trust. That's what Bain tells us. Wait a minute. You mean you mean to say that that that can't be because it becomes circular then. In other words, if the way you establish who the holder of the note is, is from a beneficiary of the deed of trust, then we have to know who the beneficiary of the deed of trust is independently of the holder of the note. No, the way you establish who holds the note is by establishing that I am in possession of a note endorsed in blank. Endorsed in blank. Right. But in this instance, that was done by SPS. As the agent. As the agent of the holder of the note. Can we work backwards? Because I want to get to the point that your colleague was raising. The original deed of trust, says MERS, I'm reading it, is the beneficiary. It does. It's the beneficiary as nominee for somebody, but it's still the beneficiary. That is what the deed of trust says. And then MERS transfers its beneficial interest in the deed of trust, its interest as beneficiary, to U.S. Bank as trustee. Via an assignment of trustee. Right. And that's that's recorded. That's recorded. Okay. So my question is, and I think it's the issue your opponent raises, is it, is there any requirement that anybody established that MERS was an actual beneficiary at the time that it assigned its beneficial interest? No, Your Honor, because we, there's no requirement that that assignment even exist or be recorded. So. In other words, what she's saying is there's no evidence that MERS, I think she's saying this, but maybe I'm making a different argument. There's no argument that MERS ever was the holder, was the holder of the note. And yeah, maybe we now have plenty of evidence that U.S. Bank is the holder of the note, but I, I want, I want to see proof that MERS was the holder of the note. That, I think that's her argument. It may not be her argument, but assuming it was, does Washington law require that? No. Washington law does not require that. That's a little bit what Bain is about. And that's really the show me the note argument, isn't it? It is. And in this case too, Your Honor, I, it's evident from Ms. Hummel's own declaration that she went to counsel's office and viewed the note. So I, I'm not sure that this is even a show me the note kind of case. Well, she, no, we all, everybody agrees the note exists in this case. At least there's no fight about whether the note exists. And I don't think there's a fight that it was endorsed in blank. So it's, it belongs to whoever physically possesses it at the time. It's a bearer bond. Her argument is, I don't, I think this, I think the, to put it different, to use her words, I think the original deed of trust was fraudulent because MERS, MERS never held the note. So that fraud claim, that fraud in the origination claim, that was dismissed as time barred by the district court and no appeal was sought. Okay. But if we, if I, if we view this as a chain of title and I'm trying to, I'm trying to make the best argument possible I can for Ms. Hummel, which may not work. She's saying what you got to show, U.S. Bank, you may have shown that you've got the note at this point, but that's not enough because you've got to show that you got it appropriately and I need evidence that MERS actually transferred it to you. I know, you know, is that required under Washington law? No, Washington law doesn't require that. And in fact, it's clear that to the extent that there is an assignment in the record, but that's just an assignment of the beneficial, of the interest as beneficiary. But, and I think my point is even if that assignment wasn't in the record, Washington law would still say the beneficiary is the holder of the note. That's what RCW 61.24.005 sub two says. And so the trustee follows the note. So even if we didn't have that assignment, or even if this court had concerns about the validity of MERS's ability to execute that assignment, this foreclosure would still be valid. And well, there wasn't a foreclosure. This, the parties who were sued still would not be liable for attempted wrongful foreclosure. Now there's a Washington case that says if a wrongful notice of foreclosure is issued, the Washington law suggests that you may be entitled to recover expenses that were incurred because of that wrongful notice of foreclosure. Is that a fair statement of Washington law? I'm not suggesting there was a wrongful notice in this case, but let's assume there was a wrongful notice of foreclosure. Could, under the, under the DTA, and which I guess is incorporated into the CPA, the Consumer Protection Act, would there be a cause of action? So no, Your Honor, that's what Frias from 2014 Washington decision tells us. Frias says there's no action for wrongful foreclosure. Is there an action for violation of the deed of trust act? Uh, well, that's what Frias was discussing was a wrongful foreclosure claim brought as a violation of the deed of trust. Right. But that was for wrongful foreclosure. I'm trying to, I thought there was at least some suggestion in the Washington cases that even if there wasn't a wrongful foreclosure, one might be able to seek damages incurred as a result of getting an invalid notice of foreclosure. Perhaps under a CPA claim, but there was no CPA claim alleged in this case. Okay. And that's what you, and your, your colleague says, well, if I had time, I would have alleged one. Yeah. Respond to that. Sure. So I would like to point out that, um, we filed our motion for summary judgment, uh, September 30, 2015, two and a half months later, uh, borrower, Ms. Hummel filed the response. At the time the response was filed, she was represented by counsel and there's no, um, entry in the record that she requested additional time or submitted, uh, a 56 D declaration identifying that discovery was needed. Is your colleague going to argue? Yes. Should I give him some time? All right. And just to one last note, the power of attorney, um, giving SPS  Uh, good morning, Your Honor. Is that Casey Curtis on behalf of, uh, bank of America? Um, and I actually really don't have very much to add. I think, uh, my colleague covered for SPS covered most of it. The only things that I wanted to focus on is how bank of America was slightly differently situated than SPS, right? If you look at the complaint, what happened here? Um, well, so I'm not clear why you're in this case. You're the original loan servicer. We were the original loan servicer up until, uh, it was transferred to SPS in, I think, December of 2012, at which point the foreclosure process did you send the notice of foreclosure or does SPS? I believe that it was the, the actual foreclosure was conducted by SPS. I think that there may have been, according to the complaint, some initial correspondence, cause she may have gone into default while, uh, as a bank of America was still, um, uh, servicing the loan, but I don't think that we were the ones who were actually initiating the foreclosure process. And we, and certainly at this point in time, to the extent the allegations are, they're, they want to challenge the standing to foreclose. They want to challenge who has titled the property, anything. We obviously have no interest in that whatsoever. We're not claiming an interest in this property currently. We're not attempting to foreclose. Uh, you know, we've been out of the scene for, uh, I guess, uh, six years. And the, you know, one thing you did was send a notice to accelerate. I think that that's, yeah, I think that that's fair. Is it while we were servicing that I think that's when the default originally occurred and we sent, uh, as a, as in a role of servicer, some notices to that effect. And I'm interested in that because your colleague says we didn't know, she didn't know to whom to send, Ms. Hummel didn't know who to send payments up until at least the time that SBS entered the picture. Hadn't you constantly been the servicer from the beginning? We had been, we had been the servicer. And there was a default before, before, while you were the servicer. I would defer to my, my, uh, my, my, my, but all you did was send a notice to accelerate. That's, that's my understanding. What is a notice to accelerate? Uh, I believe that would be that, uh, they are, are, are behind on the loan and therefore that under the terms of the loan, the entire amount of the loan would become due. All right. But essentially a notice of default, right? Well, notice of default has a, has a, yeah, that has to do with foreclosure, but correct because that under a notice that you haven't paid your loan. Uh, I think that's going to do something to you. Correct. Just as if it were any on any other debt, if you were to not to pay it, I think. Now I'm just trying to, I understand that. My next question, but you never did anything. Uh, beyond that, I don't believe we did anything. There's nothing in this record or in their allegations. I believe the, that's the reason why judge Jones dismissed us from the case was because we, there were no allegations that we had done anything. Or was that America also the servicer at the time that U.S. Bank became the owner of the data trust or supposedly did? Became owner of the deed of trust. So I think, I think, uh, we were still the servicer, uh, at the beginning of that, a part of that time period. Yes. And did, was there some notice sent that, I mean, I, the, the one piece of this that seems like a hold is how and when, and the U.S. Bank became the beneficiary of the deed of trust and whether anybody was ever told that and so on. I understand, but that was recorded though, wasn't it? Was that recorded? Yeah, there, there's a recorded document in 2011 that said that is, it's purported on Merz, bond Merz is in his role as, as a nominee and it's assigning the interest to the U.S. Bank as trust, trustee. But that depends on Merz having the authority to do that. Uh, well, I, I would agree with my colleagues, uh, description of it under Washington law, which is that I don't think that the two, the, the note and the deed of trust are segregable. The Bain case, which addressed this issue and talked about whether Merz was a proper beneficiary or not, was doing that in the context of the case where Merz was attempting to fore, foreclose and effectively was addressing whether Merz, who potentially didn't have a note, had the ability to initiate foreclosure proceedings on its own. Right. And so in that context said that would not be appropriate under the deed of trust act. They're not a potentially valid, uh, beneficiary under the deed of trust act. That's a different issue than what we're confronted with here, which is if you have a, you know, effectively, what is a bearer note, uh, even if it's not recorded, I believe the correct statement of the law would be the deed of trust would continue to follow whoever holds the note, even though it just may affect your ability to foreclose. And it may affect the title issues. If there was an intervening person, it's to come in and write. I mean, a lot of, you remember there, there's, there's, there's kind of two aspects of this that we're looking at. There's the, there's the, um, uh, new negotiable interest, no negotiable instruments aspect of, of the note and the deed of trust. And then there's the title aspects of this in terms of having a recorded chain of title so that a subsequent purchaser will come in and be able to, you know, get title insurance and purchase the property. And the two are not necessarily the same. I think, you know, we're, we're, we're potentially to a certain extent, the other side may be conflating some issues and that would potentially raise title concerns and say, oh, that means you don't have authority. Whereas I think the authority is derived from the, the, you know, who's the holder and of the note and the, and the holder, uh, sorry, the negotiable instruments law. So, uh, unless there's any other further questions, thank you. I have some time. Thank you. I have nothing. I have nothing further. Thank you. Uh, thank you both for your arguments in, uh, Hummel versus Northwest trustee services, and we will take a short break.
judges: Berzon, Hurwitz, Dearie